2005 ME 98

**George IRELAND**

v.

**Michael J. CARPENTER et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 20, 2005.

Decided: Aug. 12, 2005.

**36**

Joseph J. Hahn, Todd S. Holbrook, Bernstein, Shur, Sawyer & Nelson, Portland, for plaintiff.

Michael J. Donlan, Verrill & Dana, Kennebunk, for defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, CALKINS, and LEVY, JJ.*

CLIFFORD, J.

[¶ 1] Michael J. Carpenter and Dominik Loyen appeal from a default judgment entered in the Superior Court (York County, *Fritzsche, J.*) declaring an easement in favor of George Ireland. Carpenter and Loyen contend that the clerk and the court erred in entering a default and the default judgment, and in denying their motions to set aside the default judgment and to file a late answer. We affirm the denial of the motion to set aside the default, but we vacate the judgment and remand for a hearing on the specifics of the remedy to which Ireland is entitled.

## I. BACKGROUND

[¶ 2] This case arises out of Ireland's sale of a parcel of property in Lebanon to Carpenter and Loyen. On November 24, 2003, Ireland filed a complaint against Carpenter and Loyen in the Superior Court seeking a declaratory judgment that, pursuant to the purchase and sale agreement signed by the parties, Ireland retained an easement in the subject property. Ireland also alleged that Carpenter and Loyen had denied him his rightful

---

* Justice Paul L. Rudman sat at oral argument and participated in the initial conference, but retired before this opinion was certified.

access to the property. On December 2, 2003, Ireland filed two completed summonses with the court, one for Carpenter and one for Loyen. The summonses indicate that Chawna Cota (later identified as Carpenter's girlfriend) had accepted service for both Carpenter and Loyen on November 25, 2003, at the location of the subject property. Carpenter and Loyen's answers were due on or before December 15, 2003, pursuant to M.R. Civ. P. 12(a), which provides, in pertinent part: "A defendant shall serve that defendant's answer within 20 days after the service of the summons and complaint upon that defendant . . . ."

[¶ 3] On December 15, Ireland personally received a letter from Carpenter and Loyen purporting to address the allegations in the complaint. Neither Carpenter nor Loyen, however, filed an answer with the court for several months. On Ireland's motion, pursuant to M.R. Civ. P. 55(a), the clerk of the court entered a default against Carpenter and Loyen on February 19, 2004. Ireland then further moved the court to enter a default judgment against Carpenter and Loyen pursuant to M.R. Civ. P. 55(b)(2), which provides, in pertinent part: "In all other cases the party entitled to a judgment by default shall apply to the court therefor . . . ." On March 12, 2004, Carpenter and Loyen filed their first documents with the court—a consolidated motion to set aside the default, a motion for leave to file a late answer, opposition to Ireland's motion to enter judgment, and a joint answer.

[¶ 4] Following a hearing on both parties' motions, the court denied Carpenter and Loyen's motions and granted Ireland's motion for the entry of a default judgment, ordering that Carpenter and Loyen "shall grant George Ireland an easement onto their property identified in the Complaint so that Mr. Ireland can have access rights and use of the runway at the south end of the runway." Following the denial of their motion for reconsideration, Carpenter and Loyen filed this appeal.

## II. DISCUSSION

### A. Clerk's Authority to Enter a Default

[¶ 5] Carpenter and Loyen first contend that the clerk of the court lacked the authority to enter a default in this case. Pursuant to M.R. Civ. P. 55(a), the clerk may enter a default in a matter without court approval if a defendant "has failed to plead or otherwise defend." We are not persuaded by Carpenter and Loyen's contention that they did "plead or otherwise defend" the action by mailing a letter directly to Ireland personally.

[¶ 6] M.R. Civ. P. 12(a) provides: "A defendant shall serve that defendant's answer within 20 days after the service of the summons and complaint upon that defendant, unless the court directs otherwise . . . ." In addition, M.R. Civ. P. 5(b) provides that service of pleadings, including an answer, is accomplished by: "service . . . upon the attorney unless service upon the party personally is ordered by the court." In this case Carpenter and Loyen sent a letter to Ireland personally, rather than to his attorney, even though their summonses listed only the name and address of Ireland's attorney.

[¶ 7] Further, M.R. Civ. P. 5(d) provides that "all papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter." In this case, it was not until they filed their motion for leave to file a late answer, almost four months after Ireland filed his complaint, that Carpenter and Loyen filed their answer with the court.

[¶ 8] Finally, M.R. Civ. P. 4(a) provides that the summons shall state "the time

within which these rules require the defendant to appear and defend, and shall notify the defendant that in case of failure to do so judgment by default will be rendered against the defendant for the relief demanded in the complaint." Pursuant to Rule 4(a), the summonses served on Carpenter and Loyen contained the following standard language, which adequately informed Carpenter and Loyen of their responsibility to answer Ireland's complaint:

> IF YOU FAIL TO SERVE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU IN YOUR ABSENCE FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT.

The summonses also contained the following language:

> If you wish to oppose this lawsuit, you or your attorney **MUST PREPARE AND SERVE A WRITTEN ANSWER** to the attached Complaint **WITHIN 20 DAYS** from the day this Summons was served upon you. You or your attorney must serve your Answer, by delivering a copy of it in person or by mail to the Plaintiff's attorney, or the Plaintiff, whose name and address appear below. You or your attorney must also file the original of your Answer with the court by mailing it to the following address: Clerk of Superior Court, Dianne Hill, Clerk, PO Box 160, Alfred, Maine 04002 before, or within a reasonable time after, it is served.

[¶ 9] We will not disturb the trial court's finding that Carpenter and Loyen did not file an answer pursuant to the applicable rules of civil procedure. Although there is no provision in the rules that expressly requires that an answer be filed with the court within twenty days of service of the complaint, the rules do require that service of the answer be made upon the plaintiff's attorney, M.R. Civ. P. 5(b), and that the answer be filed with the court within a reasonable time after service of the complaint, M.R. Civ. P. 5(d). Carpenter and Loyen complied with neither of these requirements. Accordingly, the clerk of court, having received no such answer, was authorized pursuant to Rule 55(a) to enter the default as she did.

## B. Service on Loyen

[¶ 10] Loyen also contends that because he was never properly served, a default judgment could not have been properly issued against him. "Personal service within the state shall be made ... by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein ...." M.R. Civ. P. 4(d)(1). Loyen contends that the service purportedly made on him was in fact improperly made because it was not served on him personally, but rather on Chawna Cota, Carpenter's girlfriend, at a location that was not his "dwelling house or usual place of abode."

[¶ 11] Loyen's summons and complaint were delivered to a suitable adult at the address of 30 Skydive Lane, which is the address of the property Carpenter and Loyen purchased from Ireland prior to the filing of Ireland's complaint. In the motion to set aside the default judgment, Loyen concedes that he and Carpenter share a duplex at the location at which Cota was served. Moreover, there is no dispute that Loyen actually received the summons and complaint in time to file a timely answer, and therefore suffered no

prejudice by any failure to serve him at his true residence. Indeed, Loyen's affidavit accompanying the motion to set aside the default states that he and Carpenter both discovered their summonses and complaints when reviewing their joint business papers some days prior to the deadline for filing their answer. "If the defendant has received actual notice by the method of service used, the court should hesitate in finding the service insufficient for some technical noncompliance with Rule 4(d)(1)." *Peoples Heritage Sav. Bank v. Pease,* 2002 ME 82, ¶ 14, 797 A.2d 1270, 1275 (quoting 1 Field, McCusick & Wroth, *Maine Civil Practice* § 4.5 at 69 (2d ed. 1970)).

[¶ 12] The court did not err in concluding that Loyen was not excused from filing a timely answer with the court when service was made on a suitable adult at the address of property recently purchased by Loyen, a location where Loyen concedes he shares a duplex with a co-defendant who was properly served, and when there is no dispute that Loyen did actually receive the complaint and summons within the time prescribed for filing an answer.

C. Motion to Set Aside the Default Judgment

[¶ 13] Carpenter and Loyen contend that the court should have granted their consolidated motion to set aside the default judgment and for leave to file a late answer. Their motion was filed pursuant to M.R. Civ. P. 55(c), which provides, "[f]or good cause shown the court may set aside an entry of default." To establish such "good cause," the moving party is required to show both a good excuse for the untimeliness of the filing of the complaint, and the existence of a meritorious defense. *Levine v. Keybank Nat'l Ass'n,* 2004 ME 131, ¶ 13, 861 A.2d 678, 683. Carpenter and Loyen assert that they offered the court a good excuse for the untimeliness of their answer, i.e., that Loyen was not properly served with the summons and complaint, that the language on the summons was confusing and did not properly notify them of their duty to answer and the consequences of failing to do so, and that they delivered a timely letter response to Ireland personally. They also contend that they have a meritorious defense, i.e., that there is no easement of the kind Ireland seeks granted to Ireland in the purchase and sale agreement.

[¶ 14] We review the trial court's denial of a motion to set aside a default judgment for an abuse of discretion, and will vacate that decision only "if the denial works a plain and unmistakable injustice against the defendant." *Id.* (quotation marks omitted). Although courts generally favor decisions on the merits, *Thomas v. Thompson,* 653 A.2d 417, 420 (Me.1995), we "give considerable deference to the presiding justice's decision on such a motion because of his familiarity with the case and his superior position to evaluate the credibility and good faith of the parties who appeared before him." *Levine,* 2004 ME 131, ¶ 13, 861 A.2d at 683 (quotation marks omitted).

[¶ 15] The trial court did not act beyond its discretion in denying the motion to set aside the default judgment. As we have discussed, the service of process made on Loyen was sufficient, and both Carpenter and Loyen concede they received actual notice of the matter prior to the twenty-day deadline. In addition, the language of the summons sufficiently notified Carpenter and Loyen of their responsibility to answer the complaint by filing an answer with the court, and of the default consequences for failing to file such an answer. Moreover, their letter response delivered to Ireland personally did not comply with the language of either the relevant rules or the summons itself. The court acted with-

in its discretion in concluding that the untimeliness of their answer, which resulted from their own unfamiliarity with the rules of procedure and their failure to read the summons in its entirety, was not justified by a sufficient "good excuse."

## D. Ireland's Easement Remedy

[¶ 16] Carpenter and Loyen next argue that the court erred in granting Ireland's request for an easement over the subject property for at least three reasons: (1) the remedy granted by the court, an easement over Carpenter and Loyen's property, was not the remedy actually sought by Ireland; (2) the evidence on which Ireland relies does not support his entitlement to an easement, both because the agreement between the parties makes no provision for such an easement, and because Carpenter and Loyen claim they do not own the subject property over which the easement is sought; and (3) pursuant to M.R. Civ. P. 55(b)(2), the court was required to conduct an evidentiary hearing before entering a judgment granting the remedy sought. Except as to the necessity of a hearing on the wording of the court's declaration, we disagree.

[¶ 17] Ireland's complaint explicitly requested relief in the form of a declaration that "pursuant to the terms of the Purchase and Sale Agreement, Messrs. Carpenter and Loyen are required to grant George Ireland an easement onto their property so that Mr. Ireland can have reasonable access to move aircraft from his property to the runway on the Defendants' property via a paved taxi-way." Thus, contrary to Carpenter and Loyen's contention, Ireland did request that the court declare that he had an easement over the subject property.

[¶ 18] Moreover, because Carpenter and Loyen were defaulted, their right to present evidence and arguments on the merits is very limited. Upon the entry of a default, all of Ireland's allegations are deemed to be true. *See McAlister v. Slosberg,* 658 A.2d 658, 660 (Me.1995) ("When a default is entered against a defendant, the allegations in the plaintiff's complaint are deemed to be true and become findings of fact."). If true, all the allegations in Ireland's complaint would entitle him to the "access rights" he sought over the property owned by Carpenter and Loyen as granted to Ireland in the purchase and sale agreement.

[¶ 19] In addition, pursuant to M.R. Civ. P. 55(b)(2), conducting an evidentiary hearing prior to the entry of a default judgment is discretionary with the trial court:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court *may conduct such hearings or order such references as it deems necessary and proper* . . . .

(Emphasis added.) Carpenter and Loyen did not move the court to conduct such an evidentiary hearing, and the court determined that an evidentiary hearing was not necessary to its decision.

[¶ 20] In this case, however, the nature and scope of the access granted to Ireland by the court—"access rights and use of the runway at the south end of the runway"—is ambiguous and requires clarification. We therefore remand the matter to the Superior Court for a hearing on the limited issue of the nature, scope, and location of the access rights to which Ireland is entitled.

The entry is:

Denial of motion to set aside the entry of a default is affirmed. Default judgment is vacated, and remanded to the Superior Court for a hearing on the nature, scope, and location of the easement to which Ireland is entitled.