STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-05-553

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

AUG 0 1 2006

RECEIVED

TD BANKNORTH,                    *
                                 *
          Plaintiff              *
                                 *
v.                               *
                                 *          **ORDERS**
                                 *
MORSE BROTHERS,                  *
TIMOTHY MORSE and                *
BENJAMIN HAWKINS,                *
                                 *
          Defendants             *

This case comes before the Court on the following eight motions filed by the respective parties: Plaintiff TD Banknorth's motion for partial summary judgment; Defendant Morse's Rule 56(f) motion; Defendant Hawkins' motion to set aside entry of default; Defendant Hawkins' motion to dismiss counts II and III; Defendant Morse's motion for reconsideration; Defendant Hawkins' motion to vacate discovery order; Defendant Morse's motion to amend answer and counterclaim; and Defendants motion to quash subpoena.

## BACKGROUND

This is a dispute over a financing agreement between the former partners Benjamin Hawkins and Timothy Morse of Morse Brothers Inc, a mulching business, and TD Banknorth (the "Bank"). For the past twelve years, the Bank has provided financing to Defendants to run their business. According to the Bank, Defendants simply breached the agreement and defaulted on the loans.

Specifically, the Bank claims that Defendants fraudulently overstated the financial performance of the company in order to secure financing from the Bank.

According to Defendants, they admit that they mistakenly overstated the financial performance due to rainy conditions that expanded the mulch, thus making the quantity appear greater than it was. However, they claim that the Bank agreed to work with them to correct the mistake.[1]

The Bank filed a complaint on September 21, 2005, alleging that Defendants were in default of two promissory notes, the "Term Note" and the "Line." The complaint alleges that the Bank made a demand for full payment ($4,519.824.83 plus interest) and Defendants have refused to pay. On the same day, the Bank sought and was granted an ex-parte attachment in the amount of $1,500,000. In January 2006, the Bank amended its complaint to include a count of fraud.[2] On February 6, 2006, the Bank filed a motion for summary judgment on count I of the complaint. The Bank is seeking a determination that Defendants are indebted to the Bank pursuant to the Term Note, dated December 21, 2001, and the Line, dated March 16, 2001.

## MOTIONS

1.      <u>Motion for Partial Summary Judgment Filed by TD Banknorth</u>

2.      <u>Motion to Enlarge Time to Respond to TD Banknorth's Motion for Partial Summary Judgment filed by Defendant Morse.</u>

---

[1] Defendants also claim that pursuant to later amendments, the Notes did not become due until a later date, November 30, 2005, and therefore they were not in default as of the date of filing of the complaint, September 21, 2005. Defendants' position is that the Bank failed to take into consideration the amendments to the original lending documents.

[2] The amended count states that Defendants hid their noncompliance with the load covenants causing, encouraging, directing employees to falsify the books and records of those companies to overstate the assets and the financial performance of the company in order to secure financing from the Bank.

On February 6, 2006, the Bank filed a motion for summary judgment on count I of the complaint. On March 21, 2006, Defendant Morse filed a motion pursuant to M.R Civ. P 56(f) for the Court to postpone judgment on the pending summary judgment motion in order for Morse to properly oppose the motion by allowing for more discovery. Pursuant to M.R. Civ. P. 56(f),

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Morse argues that when the Bank's motion for summary judgment was filed, while he was diligently accumulating the financial information necessary to oppose the motion, not only had discovery had just begun, but discovery has been stalled for various reasons. Apparently, M.B. Bark, LLC, purchased the business assets of Morse Brothers Inc. following the bankruptcy proceeding. Thus, a large number of business documents relevant to this case reside with M.B. Bark and have not been available for review by the parties. Without the opportunity to thoroughly review their own business documents, Defendants have been unable to adequately oppose the Bank's motion for summary judgment.

Because of the complexity of this case and the need to conduct more discovery, the Rule 56(f) motion is granted. At hearing, the parties agreed that the Bank will copy and provide all the documents requested as soon as possible.[3] Once Attorney MacColl certifies that he has copied and delivered the files, the

---

[3] As for emails containing attorney client privilege, the parties will draft a proposed order for Defendants to review the emails and then submit a privilege log to the Court for final determination.

parties are given sixty days from the date of certification to file motions for summary judgment.

3.    Defendant Hawkins' Motion to Set Aside Entry of Default and Amended Motion

On January 30, 2006, the clerk of courts entered an entry of default on count I against Defendant Benjamin Hawkins for failure to file a timely answer to the complaint. On February 2, 2006, in response to the Bank's motion to determine the adequacy of service of process on Hawkins, the Court found that service of process was duly and properly made. Hawkins then filed a motion to reconsider the Order determining adequate service of process. On March 20, 2006, the Court denied Hawkins' request for reconsideration. On May 9, 2006, Hawkins filed a motion to set aside the entry of default pursuant to M.R. Civ. P. 55(c).

Pursuant to M.R. Civ. P. 55(a), the clerk may enter a default in a matter without court approval if a defendant "has failed to plead or otherwise defend." *Ireland v. Carpenter*, 2005 ME 98, ¶ 5, 879 A.2d 35, 36. Pursuant to M.R. Civ. P. 55(c), "for good cause shown the court may set aside an entry of default." To establish such "good cause," the moving party is required to show both a good excuse for the untimeliness of the filing of the complaint, and the existence of a meritorious defense. *Ireland*, 2005 ME 98, ¶ 13, 879 A.2d 35, 38.

In the instant case, Hawkins argues that he has a good excuse to his untimely filing and a meritorious defense to the claims brought against him by

4

the Bank.[4] The issue before the Court is whether Hawkins' contention that he was not properly served constitutes a good excuse for not filing a timely answer.[5]

Hawkins admits that he was aware of the lawsuit filed against him. However, because he felt that he was not properly served, he consciously disregarded all notices from the Bank. The summons of service indicates that the deputy "dropped service in door after Ben Hawkins refused to open door."

The Law Court has held that "[i]f the defendant has received actual notice by the method of service used, the court should hesitate in finding the service insufficient for some technical noncompliance with Rule 4(d)(1)." *People's Heritage Sav. Bank v. Pease*, 2002 ME 82, ¶ 14, 797 A.2d 1270, 1275 (quoting 1 Field, McCusick & Wroth, *Maine Civil Practice* § 4.5 at 69 (2nd ed. 1970). Here, while Hawkins maintains that he did not receive the summons and complaint, there does not seem to be any dispute that Hawkins was aware that the Bank had attempted to serve him and had begun a lawsuit against him.[6] Yet he disregarded all notices sent to him by the Bank in the mail. In the Court's view,

---

[4] The issue is not whether Hawkins has a meritorious defense. His claim that the Bank gave no notice of default or demand, and that the Bank is relying on obsolete documents to make its claim is sufficient to establish a meritorious defense to this action.

[5] Hawkins argues that the fact that the Bank filed a motion to test the adequacy of the service of process indicates in and of itself that service was inadequate. The Court does not agree. Rather, the Court views the Bank's action as an appropriate step to assure that service has been achieved in this unusual factual situation.

In his amended motion, Hawkins claims that the clerk of courts erred in granting the entry of default without an affidavit of the Bank attesting to the amount due and the competency of the witness. Defendant has confused the requirements for an entry of default and the requirements for a default judgment. Pursuant to M.R. Civ. P. 55(a), the clerk may enter a default in a matter without court approval if a defendant "has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Accordingly, no affidavit was required for the clerk of courts to make an entry of default. For the clerk to enter a default judgment, however, pursuant to M.R. Civ. P 55(b), an affidavit establishing the sum certain and the competency of the defendant is required.

[6] At hearing, Hawkin's attorney represented to the Court that Hawkins knew that Mr. Morse had been served and that he had receeived notes and phone calls regarding the attempted service from the Sheriff's office.

5

this does not amount to good cause for the failure to timely file an answer. Defendant Hawkins' motion to set aside the entry of default is denied.

4.    Defendant Hawkins' Motion to Dismiss Counts II and III

Defendant Hawkins argues that counts II, fraud, and count III, punitive damages, should be dismissed because the Bank did not plead fraud with particularity pursuant to M.R. Civ. P. 9(b). The Court does not agree. Although fraud must be pled with particularity, it does not have to be pled with specificity as Hawkins essentially argues.

The Bank alleges that Defendants hid their noncompliance with the load covenants causing, encouraging, directing employees to falsify the books and records of those companies to overstate the assets and the financial performance of the company in order to secure financing from the Bank. As such, they have alleged fraud with particularity. The Court infers from this allegation that the Bank relied on the alleged fraudulent information provided by Defendants when deciding to provide financing.[7]

Hawkins' only argument for why the punitive damages count should be dismissed is that it is tied to the fraud claim. Because the fraud claim is still alive, so is the punitive damages claim. Defendant Hawkins' motion to dismiss counts II and III is denied.

5.    Defendant Hawkins' Motion to Vacate Discovery Order

6.    Defendant Morse's Motion for Reconsideration

These two motions ask the Court to vacate/reconsider the Court's previous Order requiring Defendants to produce documents to the Bank.

---

[7] It should be noted that the Bank has agreed to produce a separate file with each and every document supported the fraud count.

Defendants argue that they did not discuss the specifics of the Order in a discovery conference with the Court and that the Order is overbroad. The Court does not agree. If, in fact, Defendants have possession of documents relevant to the case, they are required to produce those documents. Defendants' motions are denied.

7. <u>Defendant Morse's Motion to Amend Answer and Counterclaim</u>

On June 26, 2006, Morse filed a motion to amend his answer and counterclaim. His stated reasons for the amendment were to comport with Defendant Hawkins' answer and counterclaim and to set forth more fully the factual analysis. This motion is timely filed pursuant to the scheduling order.

In response, the Bank argues that the amended claims are frivolous, and futile. The bulk of the Banks objections have to do with factual disputes and interpretations of the various agreements between the parties.[8] A motion to amend does not generally test the legal sufficiency of the claims. That is left more appropriately for a motion to dismiss or a motion for summary judgment. The motion to amend was timely filed and does not appear to have been made in bad faith or for delay. *See Chrysler Credit Corp. v. Bert Cote's C/A Auto Sales, Inc.,* 1998 ME 53, 707 A.2d 1311 (Me. 1998). Absent a showing by the Bank that it will be unduly prejudiced by this amended answer and counterclaim, the motion to amend is granted.

8. <u>Defendants Motion to Quash Subpoena</u>

The Bank served a subpoena on M.B. Bark, LLC. to review the records of Morse Brothers, Inc. Defendants filed a motion to quash the subpoena based on

---

[8] The Bank has filed affidavits and other documents as exhibits to support its motion to amend.

a belief that certain privileged communications may be uncovered by the Bank, namely found in emails between Defendants and Attorney Geismar. After hearing, the parties are in agreement to the following Order: The motion to quash is denied. M.B. Bark will allow a limited search of Morse Brothers documents for emails between Defendants and Attorney Geismar. Defendants will have until Friday, August 4th at 3:00 p.m. to segregate any communications between themselves and Attorney Geismar that they believe is privileged. On that date and time, Defendants will submit to the Court a privilege log.[9] The Court will then make the final determination as to whether the communications are privileged.

> The entry is:
> Plaintiff TD Banknorth's motion for partial summary judgment is Denied;
> Defendant Morse's Rule 56(f) motion is Granted;
> Defendant Hawkins' motion to set aside entry of default is Denied;
> Defendant Hawkins' motion to dismiss counts II and III is Denied;
> Defendant Morse's motion for reconsideration and Defendant Hawkins' motion to vacate discovery order is Denied;
> Defendant Morse's motion to amend answer and counterclaim is Granted;
> Defendants' motion to quash is Denied.

DATE: _August, 2006_

_____
Roland A. Cole
Justice, Superior Court

---

[9] Defendants will also submit a privilege log to the Bank for review.

8

COURTS
ıd County
ıx 287
e 04112-0287

RALPH DYER ESQ
PO BOX 9739-1164
PORTLAND ME 04104

~ Hawkin

ı OF COURTS
erland County
). Box 287
Maine 04112-0287

~ Morse

THOMAS HALLETT ESQ
PO BOX 7508
PORTLAND ME 04112

OF COURTS
erland County
). Box 287
Maine 04112-0287

~ P

EDWARD MACCOLL ESQ
PO BOX 447
PORTLAND ME 04112