2007 ME 75

**MAROON FLOORING, INC.**

v.

**David A. AUSTIN.**

Supreme Judicial Court of Maine.

Submitted On Briefs: May 17, 2007.

Decided: June 26, 2007.

Robert J. Ringer Jr., Esq., Arnold S. Clark, Esq., Jabar, Batten, Ringer & Murphy, Waterville, for plaintiff.

Alton C. Stevens, Esq., Marden, Dubord, Bernier & Stevens, Waterville, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, CALKINS, LEVY, SILVER, and MEAD, JJ.

CALKINS, J.

[¶ 1] David A. Austin appeals from a judgment entered in the District Court (Waterville, *Worth, J.*) denying his motion to set aside the entry of default and the default judgment against him. We agree with Austin that the District Court abused its discretion in refusing to set aside the default judgment against him. Although we affirm the denial of the motion to set aside the entry of default, we vacate the default judgment on the ground that the clerk did not have the authority to issue the judgment and a hearing should have been held on the amount of damages.

## I. BACKGROUND

[¶ 2] On April 25, 2006, Maroon Flooring, Inc. served a summons and a four-count complaint against Austin seeking damages for breach of contract, violations of construction contract laws, and quantum meruit. The complaint sought breach of contract damages of $16,566 less $4018.31, which Maroon Flooring alleged that it owed Austin but was holding to offset the loss Austin caused it. For its statutory claim, Maroon Flooring sought damages of $4853.49, pre- and post-judgment interest, an award of one percent per month of all sums for which payment had wrongfully been withheld, and reasonable attorney fees pursuant to 10 M.R.S. § 1118 (2006). In total, Maroon Flooring sought $17,401.18 plus interest, a one percent penalty, and attorney fees.

[¶ 3] On May 18, 2006, Maroon Flooring filed an affidavit and request for default and default judgment because Austin had not filed an answer or entered an appearance. Maroon Flooring asked for recovery of $21,419.49 plus interest and costs. On June 2, 2006, the clerk entered a default judgment for Maroon Flooring against Austin in the amount of $21,419 plus costs of $155.59.

[¶ 4] Austin filed an answer and counterclaim on June 6, along with a motion to set aside the entry of default and the default judgment. No supporting affidavit accompanied the motion. Austin alleged in his motion that he had seen his attorney promptly after being served with the complaint and summons, and his attorney had agreed to file an answer for him. However, his attorney inadvertently placed the documents in a "non-time sensitive" bin and did not file the answer on time. According to the motion, Austin telephoned his attorney as soon as he received notice of default, and the attorney immediately filed responsive pleadings and a motion to set aside the entry of default and the default judgment.

[¶ 5] The court held a hearing on Austin's motion and issued a written decision and order denying the motion. The court noted that Austin had not filed an affidavit and did not offer testimony at the hearing. The court found that Austin had not met his burden of showing good cause to set aside the entry of default. The court also found that Austin failed to show excusable neglect. The court further found that Maroon Flooring's complaint was for a sum certain, and therefore, the clerk was authorized to enter the judgment.

## II. DISCUSSION

[¶ 6] We review the denial of a motion to set aside a default for abuse of discretion. *Levine v. KeyBank Nat'l Ass'n*, 2004 ME 131, ¶ 13, 861 A.2d 678, 683. Likewise, we review the denial of a

motion to set aside a default judgment for abuse of discretion. *Ireland v. Carpenter*, 2005 ME 98, ¶ 14, 879 A.2d 35, 39.

[¶ 7] Motions to set aside the entry of a default are governed by M.R. Civ. P. 55(c): "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Additionally, through case law we have required that the movant demonstrate a meritorious defense. *Ireland*, 2005 ME 98, ¶ 13, 879 A.2d at 39.

[¶ 8] The good excuse alleged in this case was the attorney's mistake in placing the documents in the wrong bin. The court found that the attorney had made this mistake but also found that Austin met with his attorney only once and took no other action. It is not clear on what evidence the court made factual findings because, as the court recited, Austin did not offer affidavits or testimony.[1] However, the burden of demonstrating good cause was on Austin, and his failure to offer any evidence on the point is fatal.

[¶ 9] Motions to set aside default judgments are made pursuant to M.R. Civ. P. 60(b). M.R. Civ. P. 55(c). Rule 60(b)(1) allows for relief from judgment when there has been a "mistake, inadvertence, surprise, or excusable neglect." Although we have noted that a mere mistake by a party's attorney does not rise to the level of excusable neglect, *Begin v. Jerry's Sunoco, Inc.*, 435 A.2d 1079, 1083 (Me.1981), we have affirmed a finding of excusable neglect for an untimely filing that was caused when the usually reliable attorney's staff member suffered from personal problems, *Gregory v. City of Calais*, 2001 ME 82, ¶¶ 10–11, 771 A.2d 383, 387. However, as

with the motion to set aside the entry of default, the failure of Austin to offer any evidence on "mistake, inadvertence, surprise, or excusable neglect" defeats his motion to set aside the judgment on that ground.

[¶ 10] Nonetheless, we must vacate the court's denial of the motion to set aside the default judgment because the court erred in its determination that Maroon Flooring's claim was for a sum certain and that the clerk had the authority to enter the judgment. Rule 55(b)(1) provides:

> *By the Clerk.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk shall, upon request of the plaintiff and upon affidavit of the amount due and affidavit that the defendant is not a minor or incompetent person, enter judgment for that amount and costs against the defendant, if the defendant has been defaulted and has failed to appear.

Thus, a clerk has the power to enter a default judgment only when the claim is for a sum certain or a sum that can be made certain by mere computation. Rule 55(b)(2) provides that in all other cases the request for a default judgment must be made to the court, and the court may conduct a hearing to determine damages or otherwise take evidence or investigate the matter.

[¶ 11] The court found that the claim was for a sum certain, but we disagree. In the breach of contract count of the complaint, Maroon Flooring alleged the following damages:

---

1. Other than an affidavit by Maroon Flooring responding to Austin's allegations of a meritorious defense, the record does not reveal any documentary evidence. The record does not indicate whether Maroon Flooring presented any testimony at the hearing.

| "financial loss ... to secure substitute performance of the contract" | $11,166.00 |
|---|---|
| "consequential damages ... of travel, lodging and increased supervision" | $ 4000.00 |
| refusal of Monitor Builders to pay for Austin's overcharges | $ 1400.00 |

On the claim for statutory violations, Maroon Flooring alleged:

| invoice for materials | $ 704.50 |
|---|---|
| invoice for materials | $ 223.65 |
| invoice for materials | $2900.00 |
| invoice for materials | $ 210.00 |
| direct invoice for materials obtained from Maroon Flooring | $ 315.00 |
| direct invoice for materials obtained from Maroon Flooring | $ 94.50 |
| direct invoice for materials obtained from Maroon Flooring | $ 405.84 |
| Penalty | 1% per month |
| pre- and post-judgment interest | No amount given |
| attorney fees | No amount given |

[¶ 12] In its affidavit for default judgment, Maroon Flooring alleged that the "sum certain" amount was $21,419. That is the sum of the itemized figures given in the complaint. It does not include any interest, penalty, or attorney fees. It also does not include a deduction for $4018.31, which is the amount that Maroon Flooring stated in the complaint that it owed Austin. Other than the affidavit contained within the request for default judgment, which gives only the total figure of $21,419, Maroon Flooring filed no other affidavits or exhibits with the complaint or request for default.

 [¶ 13] A claim is not "for a sum certain merely because it is for a specific dollar amount." *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1193 (Me.1993). The itemization of dollar amounts is not sufficient to achieve sum-certain status when an item is as broad as "consequential damages ... of travel, lodging and increased supervision" or "financial loss ... to secure substitute performance of the contract." Presumably, Maroon Flooring has invoices and receipts, which it would present at a hearing on damages along with testimony, to prove its loss. However, broad categories of expenses incurred when a contract is breached, even when dollar amounts are attached to those categories, do not turn the claim into one for a sum certain.

[¶ 14] The court abused its discretion in concluding that Maroon Flooring's claims were for a sum certain.

The entry is:

Denial of motion to set aside the entry of default affirmed. Default judgment vacated and remanded for proceedings consistent with this opinion.