STATE OF MAINE
LINCOLN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV05-553

TD BANKNORTH, N.A.

Plaintiff

**ORDER ON
PLAINTIFF'S MOTION
TO SET ASIDE
DEFAULT JUDGMENT**

v.

BENJAMIN HAWKINS and
TIMOTHY MORSE

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

AUG  3 2007

RECEIVED

Defendants

This case comes before the Court on Plaintiff's motion to set aside a

default judgment per M.R. Civ. P. 55(c).

## FACTUAL BACKGROUND

Following the bankruptcy of Morse Brothers, Inc. in 2005, Plaintiff TD

Banknorth, N.A. ("the Bank") filed this lawsuit against Timothy Morse ("Morse")

and Benjamin Hawkins ("Hawkins"), formerly of Morse Brothers, regarding a

financing dispute. The Bank contends that both defendants breached the

financing agreement and defaulted on loans to Morse Brothers, which the

defendants had guaranteed. Morse and Hawkins contend that the Bank had

agreed to overlook certain allegedly erroneous representations regarding

statements of the company's financial stability and planned to work with them to

correct the problems.

This lawsuit was originally filed in September 2005, alleging that both

defendants defaulted on two promissory notes. The Bank sought and was

granted an attachment. In January 2006, the Bank amended its complaint to allege fraud. Morse and Hawkins answered and counterclaimed for a declaratory judgment, breach of contract, interference with economic opportunity, defamation, fraud, misrepresentation, negligence, and violation of duties under the U.C.C. The Bank responded, raising defenses to the counterclaims. In June 2006, Morse moved to amend his counterclaim to further develop the factual background in accordance with Hawkins' answer and counterclaim. This Court granted the motion on August 1, 2006. Later that month, having received no answer to the amended counterclaim from the Bank, Morse requested a default. He did not inform the Bank of his intent to seek default. Default judgment was entered by the clerk on August 31, 2006. The Bank immediately objected and moved to set aside the default judgment.

## DISCUSSION

<u>Motion to Set Aside Default Judgment</u>

A party may seek to set aside a default judgment for "good cause shown" per M.R. Civ. P. 55(c). Whether good cause exists depends on a party's demonstration that there is "'a reasonable excuse for the default and a meritorious defense to the underlying action.'" *Mariello v. Giguere*, 667 A.2d 588, 589 (Me. 1995) (*quoting Theriault v. Gauthier*, 634 A.2d 1255, 1256 (Me. 1993)). The excusable neglect standard for lifting default judgments under Rule 60(b) is more stringent than the good cause standard for lifting an entry of default under Rule 55(c). *Theriault*, 634 A.2d at 1256-57.

1. <u>Good Cause</u>.

As noted above, to set aside a default, the movant must show good cause for its untimely reply or lack of response. The Law Court has upheld default

2

judgments for untimely responses. *See Ireland v. Carpenter*, 2005 ME 98, ¶ 1, 879 A.2d 35, 36. In *Ireland*, the defendants wrote a letter to the plaintiff after being sued, but did not file an answer with the court for months following service of the complaint. *Id.* ¶ 3, 879 A.2d at 37. After a default was entered, the trial court denied the defendants' motion to set it aside and file a late answer. *Id.* ¶ 4, 879 A.2d at 37. The Law Court affirmed because the defendants' "unfamiliarity with the rules of procedure and their failure to read the summons in its entirety" did not constitute good cause. *Id.* ¶ 15, 879 A.2d at 40.

Similarly, Morse argues that the default should stand because the Bank was required to answer its amended counterclaim. M.R. Civ. P. 12(a), which provides that replies to counterclaims in the answer must be served within 20 days of service of the answer. The rule also indicates that "*if* a reply is ordered by the court, [a response is due] within 20 days after service of the order, unless the order otherwise directs." M.R. Civ. P. 12(a) (emphasis added).

The dispute here concerns whether a reply was required once this Court granted leave to amend. The Bank maintains that it did not respond to the amended counterclaim because it believed that no reply was due, and it had responded to the original counterclaims filed by both Hawkins and Morse. Additionally, the Bank believed that this action was stayed pending its appeal of the order to the Law Court. The Bank also notes that it disputed facts alleged by both defendants and attacked the legal sufficiency of their claims in its responses, as well as when it opposed the motion for leave to amend the counterclaim. For this reason, the Bank claims that the defendants were on notice of its arguments and would not be prejudiced if this Court were to grant its motion to set aside the default. Finally, the Bank promptly objected to the entry of default, although

3

it had not been notified by Morse that a motion for entry of default was filed until the clerk actually entered the default.[1]

This Court's order granting the motion to amend did not require a response from the Bank. This situation is distinguishable from *Ireland*, where the defendants did not demonstrate good cause for their failure to defend. In this case, the Bank did defend the counterclaims from the beginning. It simply failed to respond to the amended counterclaim for legitimate reasons, such its good faith belief that no reply was required, its earlier responses to the defendants, and its pending interlocutory appeal. There will be no prejudice to the defendants if default is lifted. This Court finds that there was good cause for the Bank's lack of response to the amended counterclaim.[2]

2.      Meritorious Defense.

When analyzing whether a meritorious defense exists, the Court assumes that that party's factual assertions are true and then assesses "whether the moving party's version of the facts and circumstances constitutes a defense to the opposing party's cause of action." *Hart v. Terry L. Hopkins, Inc.*, 588 A.2d 1187, 1190 (Me. 1991). For example, the Law Court determined that "an arguably meritorious defense" existed when a defendant alleged the truth of statements that formed the basis of a defamation action against her. *Truman v. Browne*, 2001 ME 182, ¶ 10, 788 A.2d 168, 170.

---

[1] Service upon opposing parties is required in the manner prescribed in M.R. Civ. P. 5(b).

[2] This situation also is distinguishable from the Court's earlier refusal to lift the default entered against Defendant Hawkins, in view of his deliberate lack of response to the Bank's attempts to serve him with the complaint because he believed that the manner in which service was made was improper. No such willful refusal to respond occurred with regard to the amended counterclaim.

4

Here, the Bank raised meritorious defenses to each of the counterclaims; for example, with regard to every allegation raised by the defendants, the Bank countered that the specific language of their loan agreements barred Morse Brothers and the defendants from exceeding their credit limit, and this Court accepts the Bank's version of events as true for purposes of addressing this motion. Accordingly, the Bank's argument that its efforts to work with the defendants did not include granting them the right to exceed their line of credit, and that such a course of action was explicitly barred by the loan agreements, constitutes a valid defense to the claims raised in the amended counterclaim. As the Law Court has noted, "there is a strong preference in our law for deciding cases on the merits." *Thomas v. Thompson*, 653 A.2d 417, 420 (Me. 1996).

Because the Bank has demonstrated good cause for its failure to respond to Morse's amended counterclaim, as well as a meritorious defense to the counterclaims of both defendants, its motion to set aside the default judgment is granted.

The entry is:

Plaintiff's motion to set aside the default judgment is GRANTED. The default judgment against the Bank is hereby lifted.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: August 3, 2007

Roland A. Cole
Justice, Superior Court

5

ıine 04112-0287

EDWARD MACCOLL ESQ
PO BOX 447
PORTLAND ME 04112

_P1

ınd County
ıox 287
ne 04112-0287

_T Morse

THOMAS HALLETT ESQ
PO BOX 7508
PORTLAND ME 04112

ıanu Couniy
Box 287
aine 04112-0287

B. Hawkins

RALPH DYER ESQ
PO BOX 9739-1164
PORTLAND ME 04104