STATE OF MAINE
OXFORD, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-15-65

U.S. BANK, N.A., as Trustee for
LSF8 Master Participation Trust,

        Plaintiff

v.

                                     ORDER

DECISION ONE MORTGAGE
COMPANY, LLC,

        Defendant

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
JOHN BIXBY, SUSAN BIXBY,
HSBC MORTGAGE SERVICES, INC.,
and JOHN GRAY,

        Parties-in-Interest

## I. BACKGROUND

Plaintiff U.S. Bank, N.A., as Trustee for LSF8 Master Participation Trust ("the Bank") brings this action against Decision One Mortgage Company, LLC ("Decision One") to remedy a defect precipitated by the decision in *Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700. Defendant Decision One was the original lender and Mortgage Electronic Registration Systems ("MERS") acted as nominee under the terms of the mortgage.[1] Following *Greenleaf*, many entities like the plaintiff have been

---

[1] In addition to Decision One, MERS and HSBC Mortgage Services, Inc. have been named and served with process in this action, as they have potential claims to the mortgage at issue. *See Fannie Mae v. America's Wholesale Lender*, No. RE-15-068, 2016 Me. Super. LEXIS 37, *2 (Mar. 1, 2016) (*Mills, J.*) (denying declaratory relief where plaintiff failed to join other entities with a potential stake in mortgage).

unable to obtain valid assignments to prove a sufficient ownership interest in the mortgage to have standing to foreclose. *See* 2014 ME 89, ¶ 22 n.13, 96 A.3d 700 ("Standing requires that the plaintiff have a minimum legal interest in both the note and mortgage to seek a foreclosure, including ownership of the mortgage."). Apparently unable to obtain a valid assignment from the defendant, the Bank, as note holder, seeks a declaratory judgment declaring that plaintiff has an ownership interest in the mortgage.

Before the court is a motion for quiet title and declaratory default judgment and judgment on the pleadings. Decision One has not appeared in the present action and thus the Bank requests a default. Party-in-interest John Gray has appeared and opposed the motion.[2] For the reasons stated below, the motion will be denied.

## II. DISCUSSION

A.    Declaratory Relief and Equitable Interests in a Mortgage

Whether the plaintiff note holder can obtain an interest in the mortgage through a declaratory judgment action[3] sufficient to have standing to foreclose is unclear. *See, e.g., United States Bank Nat'l Ass'n v. Adams*, 2014 ME 113, ¶ 3 n.1, 102 A.3d 774 ("Although the standing requirements of the foreclosure statute do not apply to equitable lien cases, all plaintiffs must show standing to sue 'no matter the causes of action

---

[2] Gray is the present occupant and owner of the residential property secured by the note and mortgage at issue. The court considers his arguments because this case will affect his rights.

[3] Gray argues that the Bank lacks standing. Attached to plaintiff's complaint are a series of assignments of the mortgage from MERS as nominee for Decision One. (Compl. Exs. D-E.) These assignments would confer upon the Bank no more than the right to record the mortgage, which would be insufficient to establish standing to foreclose. *Greenleaf*, 2014 ME 89, ¶¶ 14-17, 96 A.3d 700. This action is not, however, a foreclosure action. As the purported note holder and assignee of the mortgage (albeit defective), the Bank has a threshold interest and thus standing to litigate ownership of the mortgage.

2

asserted.'") The Bank proceeds on the theory that a note holder has an equitable interest in the mortgage, relying upon *Jordon v. Cheney*, 74 Me. 359, 361 (1883):

> One who takes a mortgagee's title holds it in trust for the owner of the debt to secure which the mortgage was given. If a mortgage is given to secure negotiable promissory notes, and the notes are transferred, the mortgagee and all claiming under him will hold the mortgaged property in trust for the holder of the notes. To secure this result it is not necessary that there should be any recorded transfer of the notes or mortgage. Nor is an assignment of the mortgage necessary.

Maine, as a title theory state, has long recognized that mortgages and notes are separable. *See, e.g., Johnson v. Candage*, 31 Me. 28, 31 (1849). In a notable law review article, the authors, citing *Jordon*, suggest that the relief the Bank seeks here can overcome the predicament that the original mortgagee that granted MERS[4] power to act as nominee is no longer functioning and therefore cannot provide a valid assignment to the plaintiff. Thomas A. Cox & L. Scott Gould, *In Defense of Greenleaf: A Response to Standing to Foreclose*, 30 Me. B.J. 18, 21 (2015) ("Declaratory judgments and quiet title actions might also overcome problems of proof when mortgage assignors have gone out of business.")

The Law Court has not yet weighed in on the propriety of the Bank's strategy. Other jurisdictions seem to allow note holders to seek such relief. Massachusetts, for example, has recognized a procedure for a note holder to obtain an "equitable assignment" of the mortgage. *See, e.g., Eaton v. Fannie Mae*, 969 N.E.2d 1118, 1125

---

[4] Plaintiff cites 33 M.R.S. § 508 for the proposition that the Maine legislature recognizes MERS's presumption of authority to assign all interests in a mortgage to a successor in interest. That section, however, applies to assignments subject to a final foreclosure judgment. *See Tamir v. United States*, No. 2:15-CV-333-DBH, 2016 U.S. Dist. LEXIS 7748, at *3 (D. Me. Jan. 22, 2016). Section 508 is inapplicable to the present case.

(Mass. 2012) ("Under our common law, where a mortgage and note are separated, 'the holder of the mortgage holds the mortgage in trust for the purchaser of the note, who has an equitable right to obtain an assignment of the mortgage, which may be accomplished by filing an action in court and obtaining an equitable order of assignment.'") (citation omitted). The "equitable assignment" derives from the common law equitable interest held by note holders in the underlying security obligation created by the mortgage enunciated in *Jordon* and similarly recognized in other jurisdictions. *See, e.g., Jackson v. Mortg. Elec. Registration Sys.*, 770 N.W.2d 487, 497 (Minn. 2009); *U.S. Bank N.A. v. Marcino*, 908 N.E.2d 1032, 1038 (Ohio App. 2009).

While Maine law recognizes a note holder's equitable interest, the Law Court has unequivocally rejected the notion that note ownership is sufficient without a mortgage assignment or some other proof of ownership to foreclose under the foreclosure statute, 14 M.R.S. §§ 6101-6112. *See Greenleaf*, 2014 ME 89, ¶ 22 n.13, 96 A.3d 700 ("Standing requires that the plaintiff have a minimum legal interest in both the note and mortgage to seek a foreclosure, *including ownership of the mortgage.*") (emphasis added).

This issue will not ripen until the plaintiff obtains a judgment against Decision One and files a subsequent foreclosure action. The court thus turns to the present motion.

C.    Motion for Quiet Title Default Judgment and Judgment on the Pleadings

The Bank has moved for quiet title default declaratory judgment and judgment on the pleadings. The Bank requests the court to declare that the Bank has a valid, assigned property interest in the subject mortgage. Decision One has been served but has not appeared or responded to the motion, and thus the Bank requests the court enter a default.

4

Party-in-interest John Gray has appeared and contends the Bank is not the rightful owner of the note and mortgage and alleges the lawsuit is an attempt to circumvent the requirements of *Greenleaf*, 2014 ME 89, 96 A.3d 700.

The plaintiff's motion is captioned as a "motion for quiet title and declaratory default judgment and judgment on the pleadings." Quiet title actions are vehicles to confirm legal title to real estate, not to adjudicate ownership interests in a mortgage, which secures the right to payment under the note instrument. *See* 14 M.R.S. §§ 6651-6658. A mortgage grants the owner at most equitable rights in the mortgaged real estate. *Mortg. Elec. Registration Sys. v. Saunders*, 2010 ME 79, ¶ 8, 2 A.3d 289. Rule 12(c) governs a motion for judgment on the pleadings. M.R. Civ. P. 12(c). "When the plaintiff moves for judgment on the pleadings, the motion 'challenges the legal sufficiency of the answer.'" *Temple v. DiPietro*, 2015 ME 166, ¶ 27, 130 A.3d 368 (quoting 2 Harvey, Maine Civil Practice § 12.14 at 432 (3d ed. 2015)). Judgment on the pleadings is not available because defendant Decision One has neither appeared nor filed any responsive pleading.

The most critical deficiency of plaintiff's motion and request for a default judgment is the failure to submit an affidavit. *See* M.R. Civ. P. 55(b)(4).

Because the Bank submitted copies of the note, mortgage, and various mortgage assignments in filing the present motion, *see* Exhibits A through E, the court could treat the motion as one for summary judgment. M.R. Civ. P. 12(c) (court may convert motion for judgment on the pleadings into one for summary judgment under Rule 56 if matters outside the pleadings considered). Yet in order to obtain summary judgment in a

foreclosure action, a plaintiff *must affirmatively show* entitlement to the relief sought, even in the absence of an opposition from the named defendant. *See Petit v. Lumb*, 2014 ME 117, ¶ 8 n.2, 103 A.3d 205 (noting when a mortgagee moves for summary judgment in foreclosure, a deficient opposition does not necessarily entitle the mortgagee to judgment; all requirements of Rule 56 must still be met).

This case is neither a foreclosure action, nor does the Bank move for summary judgment. The idea, however, that rules should be strictly observed applies with no less force. *See Camden Nat'l Bank v. Peterson*, 2008 ME 85, ¶ 29, 948 A.2d 1251.

The current occupant of the mortgaged property has appeared and challenged the authenticity of the note, mortgage, and assignment documents submitted by the Bank. *Cf. Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 10, 843 A.2d 43 (court may consider documents outside the pleadings referred to in the complaint "when the authenticity of such documents is not challenged"). The Bank has not submitted affidavits based on personal knowledge or other evidence that would, taken together, establish the admissibility of the documents as business records. *See, e.g., Beneficial Me. Inc. v. Carter*, 2011 ME 77, ¶ 6, 25 A.3d 96; *Mortg. Elec. Registration Sys. v. Saunders*, 2010 ME 79, ¶¶ 23-25, 2 A.3d 289; *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508.

The court has discretion in entering a default judgment and granting declaratory relief. 14 M.R.S. § 5957; *McNutt v. Johansen*, 477 A.2d 738, 740-41 (Me. 1984) (noting the court has discretion "to hold an evidentiary hearing on the truth of any averment in the pleading before entering a default judgment") (citation omitted). The rules also grant

6

express authority in the court to order a party seeking a default judgment on a negotiable obligation to make an adequate evidentiary showing prior to judgment. M.R. Civ. P. 55(b)(3) ("No judgment by default shall be entered upon a claim based on a negotiable instrument . . . unless the court for cause shown shall otherwise direct on such terms as it may fix."). The Bank does not attempt to default Decision One on the note obligation, but the claim here is "based on a negotiable instrument" because as detailed above, the note is essential to the plaintiff's ownership interest in the mortgage and thus the basis for the declaratory judgment request.

In light of the foregoing, the court will decline to enter a default judgment until such time as the Bank establishes by affidavit or other admissible evidence that (1) the note is authentic and admissible as a business record, (2) establishes the Bank holds the note, and (3) Decision One has been properly served with process.

Even if the allegations contained within the complaint are deemed true by virtue of Decision One's default, this court and any future court will not be bound by legal conclusions contained in the pleadings. *See Larrabee v. Penobscot Frozen Foods, Inc.*, 486 A.2d 97, 98 (Me. 1984). This would include the legal conclusion that the Bank, as note holder, has an ownership interest in the mortgage sufficient to proceed to foreclosure. The Bank would still need to establish standing in a later foreclosure action. The failure to prove ownership of the note and mortgage could result in finding the Bank has no standing, divesting the court of jurisdiction, and thereby potentially rendering a default judgment entered in this action void. *See* 3 Harvey, *Maine Civil Practice* § 55:6 at 206 & n.3 (3d 2011 ed.) (noting that while the factual allegations contained in a

7

complaint upon which the defendant defaulted are not subject to collateral attack, the judgment may be void if the court lacked jurisdiction).

Whether treated as a motion for judgment on the pleadings, a motion for summary judgment, or a motion for default judgment, the court concludes that the Bank is not entitled to the relief sought. Although Decision One will be defaulted for failure to respond to the complaint, the Bank is not entitled to judgment. *See* M.R. Civ. 55(b); *see also Maroon Flooring, Inc. v. Austin*, 2007 ME 75, ¶ 10, 927 A.2d 1182 (trial court has discretion to hold an evidentiary hearing to investigate the matter prior to entry of default judgment).

The party-in-interest has objected to certain documents submitted with the motion. The Bank has not made an adequate showing evidencing entitlement to judgment and the relief requested, in particular in the absence of a properly authenticated note. The motion will be denied.

## III. CONCLUSION

In light of the foregoing, the court concludes the plaintiff is not entitled to judgment and declines to enter a default judgment at this time. The motion is denied.

The entry will be:

> Plaintiff's motion for quiet title, declaratory default judgment, and judgment on the pleadings is DENIED.

DATED: July 26, 2016

Robert W. Clifford
Active Retired Justice