STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-18-044

EMMA M. WALSH,

   Plaintiff

v.

PETCO ANIMAL SUPPLIES
INC., et al.,

   Defendants

ORDER ON DEFENDANT REAL
PETS CORP.'S MOTION TO SET
ASIDE ENTRY OF DEFAULT

Before the court is defendant Real Pets Corp.'s motion to set aside entry of default and allow late filing of answer.[1] For the following reasons, the motion is granted.

## Background

Plaintiff's complaint was filed on January 26, 2018. Defendant Real Pets Corp. was served on February 26, 2018. On April 2, 2018, plaintiff filed a request for default against defendant Real Pets Corp. Default against defendant Real Pets Corp. was entered on April 2, 2018. On April 17, 2018, defendant Real Pets Corp. filed an answer to the complaint and a motion to set aside entry of default.

## Standard of Review

The court may set aside entry of default for good cause. M.R. Civ. P. 55(c). Good cause requires both a good excuse for untimeliness and a meritorious defense. Roussel v. Ashby, 2015

---

[1] Defendant Real Pets Corp. also filed a motion to supplement the motion to set aside entry of default and allow late filing of answer. The motion does not comply with Rule 7 and is denied. M.R. Civ. P. 7(b)(1)(A). In any event, the proposed supplementation addresses the issue of a meritorious defense, which is not disputed for the purposes of this motion.

1

ME 43, ¶ 13, 114 A.3d 670. There is a strong preference for deciding cases on the merits. See Thomas v. Thompson, 653 A.2d 417, 420 (Me. 1995). An entry of default has been set aside "in cases when no gross neglect was involved in the late filing, the nondefaulting party will not be substantially prejudiced by reopening the case, and a meritorious defense exists." Id.

Argument

Defendant Real Pets Corp. argues that its failure to file a timely answer to the complaint does not rise to the level of gross neglect. In support of its motion, defendant has filed an affidavit of Kevin Hayner, the owner of defendant Real Pets Corp. In his affidavit, Mr. Hayner states that after service of the complaint, he contacted his personal attorney and understood the attorney would handle the matter. (Hayner Aff. ¶¶ 1, 4.) After Mr. Hayner received notice of the entry of default from the clerk's office, he learned the attorney had failed to take any action. Mr. Hayner then referred the matter to defendant Real Pet Corp.'s insurance company and counsel was retained on April 12, 2018.

Plaintiff argues that defendant Real Pets Corp. has failed to offer any evidence as to why his attorney did not respond to the complaint and, therefore, cannot meet its burden to show a good excuse for the failure to respond. For purposes of this motion, plaintiff concedes that a meritorious defense exists.

In L'Hommedieu v. Ram Aircraft, L.P., the Business and Consumer Court granted a defendant's motion to set aside an entry of default when it found that the defendant's failure to file an answer was "likely caused by inadvertence rather than an intentional disregard for the court process." No. BCD-CV-13-33, 2013 Me. Bus. & Consumer LEXIS 20, at *4 (Sept. 20, 2013). While a "mere mistake by a party's attorney does not rise to the level of excusable neglect," Maroon Flooring, Inc. v. Austin, 2007 ME 75, ¶ 9, 927 A.2d 1182, the "good cause" standard is

2

less stringent than the "excusable neglect" standard required to set aside a default judgment pursuant to Rule 60(b). Thomas, 653 A.2d at 420 n.2. Further, where the neglect results from the behavior of an attorney, the court may consider the client's lack of culpability when deciding whether to set aside an entry of default. See Mockus v. Melanson, 615 A.2d 245, 247 (Me. 1992).

Upon receipt of the complaint, Mr. Hayner of defendant Real Pets Corp. notified his personal attorney regarding the action. Mr. Hayner's understanding that his personal attorney would take all necessary steps to protect its interests appears reasonable. Defendant Real Pets Corp. promptly notified its insurer after receiving notice of the entry of default and an attorney was retained ten days after the entry of default. There is no indication that defendant Real Pets Corp. was acting with disregard for the judicial process.

Setting aside the entry of default will not result in any "substantial prejudice" to plaintiff and, in fact, plaintiff does not address this issue. See Thomas, 653 A.2d at 420. The delay in this case is insignificant. Defendant Real Pet Corp.'s answer was filed twenty-nine days late and fifteen days after the entry of default. There are multiple defendants in this case involving allegations of breach of implied warranty, strict liability, and negligence. A pending motion to dismiss filed by another defendant must be decided. There is no dispute that a meritorious defense exists.

In light of the foregoing, good cause exists to set aside the entry of default and to address the case on its merits. See L'Hommedieu, 2013 Me. Bus. & Consumer LEXIS 20, at **3-5; Thomas, 653 A.2d at 420; Westcott v. Allstate, 397 A.2d 156, 163 (Me. 1979) ("It is the policy of the law to favor, wherever possible, a hearing on the merits, whether at the trial level or at the appellate level.")

The entry is

        Defendant Real Pets Corp.'s Motion to Set Aside Default and Allow
        Late Filing of Answer is GRANTED.

Date: June 27, 2018

                                    Nancy Mills
                                    Justice, Superior Court

CUMB-CV-18-044

**Entered on the Docket:** 6-27-18