## McCAIN FOODS, INC.
### v.
### Rainald GERVAIS.

Supreme Judicial Court of Maine.

Submitted on Briefs March 1, 1995.
Decided May 4, 1995.

Brett D. Baber, Rudman & Winchell, Bangor, for plaintiff.

William J. Smith, Van Buren, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Defendant Rainald Gervais appeals from a judgment of the Superior Court (Aroostook County, *Archibald, J.*) entered on a jury verdict awarding him $1,760 for breach of a lease by plaintiff McCain Foods, Inc. Gervais argues that the damage award is inadequate, and that the court erroneously denied his request for a new trial. McCain appeals the denial of its motion for attorney fees on its successful claim for rent.

The evidence at trial may be summarized as follows: Gervais is a potato farmer. In 1984, he entered into a lease agreement with

J.R. Simplot Company to rent 445 acres of cropland for five years at an annual rental of $13,350. In 1987, McCain purchased the land from Simplot. Soon thereafter, McCain notified Gervais that it was terminating his lease. Gervais refused to give up the lease and farmed the land in 1987, although he did not pay any rent. In March of 1988, McCain brought a forcible entry and detainer action against Gervais. Although a hearing was held, the district court never issued a decision. Gervais did not plant the leased land in 1988 and did not pay rent.

In 1989, McCain brought an action against Gervais for unpaid rent for 1987 and 1988. Gervais counterclaimed for loss of profit, claiming that McCain's prevented him from farming the land in 1988. On McCain's claim for rent, the jury returned a verdict that Gervais owed rent of $13,350 for 1987 but owed none for 1988. On Gervais's counterclaim, the jury found that he had not been illegally evicted, but that McCain had breached the contract. The jury awarded damages of $1,760 to Gervais. Gervais moved for a new trial, which the court denied. McCain sought an award for attorney fees, and moved to correct the judgment to reflect the net award for McCain. The court denied the request for attorney fees, but corrected the judgment.[1] Gervais appeals the denial of his motion for a new trial, and McCain cross appeals the court's denial of its attorney fees.

### Adequacy of Damages

■ Gervais argues that he is entitled to a new trial because the damages of $1,760 awarded by the jury for McCain's breach of the lease are inadequate. The assessment of damages is within the sole province of the jury. *C.N. Brown Co. v. Gillen*, 569 A.2d 1206, 1209 (Me.1990). The trial court will not disturb a damage award "unless it is apparent that the jury acted under some bias, prejudice or improper influence, or made some mistake of law or fact." *Id.* We view the evidence in the light most favorable to the nonmoving party, and we defer to the jury on issues of credibility. *Ramirez v. Rogers*, 540 A.2d 475, 479 (Me.1988). A damage award will be disturbed only if there is no rational basis to support it, that is, no competent supporting evidence in the record. *Severance Machine v. Wood Structures, Inc.*, 635 A.2d 362, 364 (Me.1993). We reverse a trial court's disposition of a motion for a new trial only on a showing of a clear and manifest abuse of discretion. *C.N. Brown*, 569 A.2d at 1209.

■ The jury assessed damages of $1,760. They disclosed their rationale in a note to the court,[2] which shows that they compensated Gervais only for seed potato costs. We find that competent evidence, viewed in the light most favorable to McCain, supports this award.

Gervais's argument that the jury acted under mistake of fact or law is not supported by the record. The court instructed the jury that "[a]ssuming you find liability for damages, the damages must be such as would put Gervais in the position he would have been in financially had there been no breach and had he grown potatoes in 1988." Taken in the light most favorable to McCain, the record supports an average yield of 275 hundredweight per acre[3] and average expenses of $1,211 per acre. To sustain the jury's award of no damages for lost profits, evidence in the record must support a price for potatoes that would result in no profit for the 1988 growing season. Viewed in the light most favorable to McCain, the record supports a contract price of $3.00. Use of this figure with the yield and expense figures results in a loss. The $3.00 figure is based on Gervais's testimony on cross examination.[4] Gervais, however, argues that, when the evidence is viewed as a whole, it is clear that his testimo-

---

1. We note that the court properly corrected the judgment by setting off the award to Gervais against the award to McCain to determine a net judgment for the party receiving the higher verdict amount. *See C.N. Brown Co. v. Gillen*, 569 A.2d 1206, 1216 (Me.1990).

2. The note reads as follows:

Judge Archibald,

On Defendant's counterclaim, we feel the defendant deserves $1 dollar per barrel 8 barrels per acre × 220 acres that was planted in potatoes in prior years, which results in 1,760.00 for seed dumped for the year of 1988.

3. A hundredweight equals 100 pounds of potatoes.

4. The relevant testimony is as follows:

ny about the $3.00 price actually referred to the 1987 crop. Although evidence in the record also supports a contract price for 1988 higher than $3.00, use of a $3.00 figure has a rational basis. Regardless of Gervais's intended meaning, the testimony permitted the jury to conclude that the relevant contract price was $3.00. We cannot say on this record that the jury made a mistake of fact or law. The court did not abuse its discretion in refusing to grant Gervais a new trial.

### Attorney Fees

■ McCain argues that the court erred in denying its request for attorney fees. A court's determination on an award of attorney fees is reviewed for abuse of discretion. *City of Ellsworth v. Doody*, 629 A.2d 1221, 1224 (Me.1993).

■ McCain's complaint for unpaid rent includes a request for attorney fees. McCain, at the close of its case, offered an affidavit on attorney fees. Gervais then stated that, if that issue was reached, he would want a hearing. McCain proposed that the actual evidence of attorney fees be reserved for later determination by the court. Eight days after judgment, McCain moved for $3,863 in attorney fees and submitted a supporting affidavit. The court denied the motion, stating that no evidence of counsel fees was presented at trial.[5]

> Q. Now, the contract price in 1988 was a low price compared to prior years; isn't that right?
> A. That's not right.
> Q. That's not correct? You told us earlier about some street prices that were around $10 per hundredweight.
> A. Sir, you said contract price.
> Q. I understand. It's just another question.
> A. That's what I'm answering.
> Q. You told us earlier about some contract prices that were—
> THE COURT: Street prices.
> Q. Excuse me, street prices around around [sic] $10 per hundredweight, correct?
> A. That's fair.
> Q. And what was the contract price during that same time period?
> A. The contract price at the processing plant?
> Q. Yes.
> A. Okay. It was approximately, I'd say six to $7 a hundred.
> Q. And that would have been in 1989, right?
> A. That's correct.
> Q. Now, in '88, the contract price was much lower by average, correct?
> A. You couldn't sell them.

We find that the court's denial of McCain's motion for attorney fees without first conducting a hearing constitutes an abuse of discretion. First, as the court recognized, the lease provides for recovery of reasonable attorney fees. Second, the exchange at trial between McCain and Gervais shows that the issue of presenting evidence on attorney fees was reserved. We have allowed attorney fees to be considered after judgment. *See Rodriguez v. Tomes*, 610 A.2d 262, 265 (Me. 1992) (allowing attorney fees in illegal eviction action when request was presented in timely motion to amend judgment). This is not a case like *Moore v. Porter*, 569 A.2d 603 (Me.1990) in which the party seeking attorney fees did not present evidence at trial or otherwise reserve the issue of fees to a later hearing.

The entry is:

Judgment affirmed. The denial of McCain's motion for attorney fees vacated, and remanded for further proceedings consistent with the opinion herein.

All concurring.

> Q. So they had no price?
> A. Very little.
> Q. $3?
> A. Less than that.
> Q. Less than that?
> A. Yes.

> . . . .
> THE COURT: All right. I want to clear up one question. The last question had dealt with 1988. Are you thinking of the late marketing season in '88?
> A. He asked me—
> THE COURT: Really marketing in the '87 crop?
> A. No. I was talking of the '88 crop.
> THE COURT: I see. Okay. I didn't understand it. . . .

5. We note that this order, dated October 4, 1993, preceded amendment of M.R.Civ.P. 54(b), effective March 1, 1994, providing a procedure for addressing an application for attorney fees after final judgment. M.R.Civ.P. 54(b) advisory committee's note to 1994 amend., Me.Rptr., 636–644 A.2d XXXII.