MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2013 ME 107
Docket:        Ken-12-544
Argued:        October 8, 2013
Decided:       December 10, 2013

Panel:         SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

TOWN OF CHINA

v.

ALBERT W. ALTHENN

SILVER, J.

[¶1]   Albert W. Althenn appeals from a judgment of the District Court (Augusta, *Dobson, J.*) finding that he maintained an automobile graveyard on his property in violation of 30-A M.R.S. § 3753 (2012); ordering him to either remove three unregistered, uninspected vehicles from his property or to store them in a building; and imposing a civil penalty and attorney fees.  The Town of China cross-appeals from the District Court's denial of its second request for attorney fees in connection with responding to Althenn's post-judgment motion for findings of fact and conclusions of law.  We affirm the judgment and the denial of the Town's request for attorney fees.

## I. BACKGROUND

[¶2]   The trial court found the following facts.  The Town identified four[1] unregistered, uninspected vehicles on Althenn's property: a 1978 GMC Grumman box van, a 1962 GMC C60 truck, a 1984 3/4-ton truck, and the body of a 1978 Ford van.  Althenn did not have a permit to operate an automobile graveyard.  The Secretary of State had issued Althenn a certificate identifying the box van as an antique auto, and Althenn continued to use it for its original purpose of transporting and storing small sports cars.  Althenn started the 1962 GMC truck once or twice a year, but did not move it.  The body had been removed from the 3/4-ton truck.  A family of raccoons lived in the 1978 Ford van.

[¶3]   Althenn testified that he planned to use his vehicles when he retired.  At an earlier point in his life, he had taken cars to shows and exhibitions.  Specifically, he testified that he had taken his 1962 GMC truck to "World of Wheels and Autorama at the Hynes Auditorium in Boston" sometime in the early 1980s.  In addition, he argued that because he occasionally used his 3/4-ton truck to plow snow and haul firewood on his property, it was a logging tractor exempt

---

[1]   The Town's original Land Use Citation and Complaint alleged that Althenn had "at least five" unregistered or uninspected motor vehicles stored outside on his property.  By the time of trial, however, only four vehicles remained at issue; one had apparently been removed from Althenn's property.

from registration,[2] and could not be counted as violating the automobile graveyard statute.

[¶4]  The trial court concluded that only the box van qualified as an "antique auto," and that each of the other vehicles failed to meet the statutory definition because they were not being actively used in exhibitions or other events of public interest.[3]  It also rejected Althenn's characterization of his 3/4-ton truck as a logging tractor.  Consequently, it ordered Althenn to pay a civil penalty of $1500,

---

[2]  Logging tractors are exempt from the general requirement that vehicles must be registered.  The exemption applies to:

> a converted motor vehicle used as a tractor when used solely for logging purposes when operated to or from:
>
> > A.  The premises where the tractor is kept;
> >
> > B.  A woodlot and between woodlots used for logging purposes by the owner; or
> >
> > C.  A filling station or garage for fuel or repairs.

29-A M.R.S. § 510(3) (2012).

[3]  Pursuant to 29-A M.R.S. § 101(3) (2012), an "antique auto" is an automobile or truck manufactured in or after model year 1916 that is:

A.  More than 25 years old;

B.  Equipped with an engine manufactured either at the same time as the vehicle or to the specifications of the original engine;

C.  Substantially maintained in original or restored condition primarily for use in exhibitions, club activities, parades or other functions of public interest;

D.  Not used as its owner's primary mode of transportation of passengers or goods;

E.  Not a reconstructed vehicle; and

F.  Not an altered vehicle.

4

as well as attorney fees and costs amounting to $8509.46. It also ordered Althenn to remove all four vehicles from his property, or to store them inside a building, within thirty days after the date of the judgment.

[¶5] Althenn filed a motion for additional findings of fact, raising several issues. The Town opposed the motion and argued that it was untimely. It also requested an additional award of $555 to compensate for fees incurred in response to the motion. The trial court determined that Althenn's motion was timely, but declined to address most of the issues Althenn raised. However, it did note that the original order incorrectly required Althenn to remove all four vehicles from his property, even though the court had explicitly found that the box van was an antique auto and therefore was not in violation. It amended the judgment accordingly to reflect that Althenn was only required to remove or store three vehicles. The court denied the Town's request for additional attorney fees. Althenn appealed, and the Town cross-appealed on the issue of attorney fees.

## II. DISCUSSION

A.    Althenn's Vehicles

1.    "Antique Autos"

[¶6] Althenn argues that the trial court impermissibly created a standard for meeting the definition of "antique auto" that is higher than that required by statute.

We disagree. Statutes are ambiguous only if reasonably susceptible to different interpretations; otherwise, they are to be interpreted according to their plain meaning. *Peters v. O'Leary*, 2011 ME 106, ¶ 13, 30 A.3d 825. We have previously held that the automobile graveyard and junkyard statute does not force people of general intelligence to guess at its meaning. *See Town of Mount Desert v. Smith*, 2000 ME 88, ¶ 6, 751 A.2d 445 (construing 30-A M.R.S. § 3751 (1996) *et seq.*); *Town of Pownal v. Emerson*, 639 A.2d 619, 621 (Me. 1994) (construing 30-A M.R.S. § 3752 (Pamph. 1993) and holding that the statute is not unconstitutionally vague).

[¶7] The fact that Althenn disagrees with the trial court's application of the statute to the facts of this particular case does not mean that the court misapprehended the meaning of the statute. The trial court's determination that Althenn's vehicles were not antique autos is a factual finding. As such, we review it only for clear error, and will reverse only if there is no competent evidence in the record to support it. *Morin Bldg. Prods. Co., Inc. v. Atl. Design and Constr. Co., Inc.,* 615 A.2d 239, 241 (Me. 1992).

[¶8] Ample evidence in the record supports the trial court's findings. Althenn's own testimony established that his use of the vehicles was infrequent at best. He did testify that he had a subjective intent to use the vehicles in exhibitions at some point in the future; however, the trial court concluded that his indefinite

6

plans did not support a finding that the vehicles were kept primarily for use in exhibition-type activities. *See Town of Pownal*, 639 A.2d at 621.

[¶9] Contrary to Althenn's assertion, the trial court did not find him to be in violation based on its conclusion that he did not qualify as a "hobbyist." Although the court observed that "a hobbyist must be more actively and currently engaged in or have plans to engage in such activity," in its analysis, it carefully applied the relevant statutory definition of antique auto. The trial court did not arbitrarily impose upon Althenn an artificial legal standard. Rather, it considered the evidence and explained the reasoning behind its ultimate decision. It did not misconstrue the applicable law, and its factual findings were not clearly erroneous.

2.    "Logging Tractor"

[¶10] Althenn's contention that the court impermissibly created a legal test to determine whether his activities met the definition of "logging" is likewise unpersuasive. The trial court concluded that Althenn used his 3/4-ton truck not only to haul firewood—which may or may not constitute "logging"—but also to plow snow. Althenn further testified that he used the truck for parts. On this record, the trial court's finding that the truck was not a tractor used solely for logging purposes is not clearly erroneous.

3.  "Altered Vehicle"

[¶11] Althenn further argues that the trial court erred by concluding that the 1962 GMC truck was an "altered vehicle" pursuant to 29-A M.R.S. § 101(2) (2012),[4] which precludes it from being considered an antique auto pursuant to 29-A M.R.S. § 101(3)(F).  At trial, the court admitted evidence of Althenn's answer to an interrogatory by the Town, identifying the truck as an altered vehicle pursuant to the statutory definition.[5]  Althenn now argues that the trial court committed reversible error by accepting that interrogatory answer in evidence,[6] contending that it constituted a legal opinion that Althenn was not qualified to give pursuant to M.R. Evid. 702.  Further, he asserts that the answer amounted to

---

[4] An "altered vehicle" is defined as:

> a motor vehicle with a gross vehicle weight rating of 10,000 pounds or less that is modified so that the distance from the ground to the lowermost point on any part of the frame or body is different from the manufacturer's specifications, unless that difference is caused by:
>
> A.  The use of tires that are no more than 2 sizes larger than the manufacturer's recommended sizes;
>
> B.  The installation of a heavy duty suspension, including shock absorbers and overload springs; or
>
> C. Normal wear of the suspension system that does not affect control of the vehicle.

29-A M.R.S. § 101(2) (2012).

[5] Answers to interrogatories may be used at trial to the extent permitted by the rules of evidence. M.R. Civ. P. 33(b).

[6] Althenn neither objected to the interrogatory, *see* M.R. Civ. P. 33(a), nor objected to its introduction in evidence at trial.

opinion testimony by a lay witness that should have been excluded pursuant to M.R. Evid. 701, because it was neither rationally based on the witness's perception nor helpful to a clear understanding of the witness's testimony or the determination of a fact in issue.

[¶12] Because Althenn failed to object to the challenged testimony at trial, we review for obvious error affecting substantial rights. *State v. Marden*, 673 A.2d 1304, 1311 (Me. 1996). Interrogatories are not objectionable simply because they require the application of law to facts. M.R. Civ. P. 33(b). In the same vein, opinion testimony that is otherwise admissible is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact. M.R. Evid. 704. However, a lay witness may not give opinion testimony that is not within the common knowledge of an ordinary person. *Mitchell v. Kieliszek*, 2006 ME 70, ¶ 14, 900 A.2d 719.

[¶13] Althenn's answer indicating that the truck was an altered vehicle was admissible, despite it being a conclusory opinion. Because Althenn is the owner of the truck, and it is stored on his property, it is highly unlikely that his answer reflected anything other than his own perception of the truck's characteristics. This opinion was helpful to the trial court in determining a fact in issue—whether the truck was an altered vehicle, and therefore precluded from being considered an antique auto. Additionally, Althenn explained at trial that he felt that it was a

"close call" whether the truck met the statutory definition of an altered vehicle. Armed with this information, the trial court was free to evaluate the reliability of Althenn's characterization of his truck and to assign his conclusion as much weight as it deemed appropriate. *See Lewis v. Knowlton*, 1997 ME 12, ¶ 8, 688 A.2d 912 ("[Fact-finders] are the judges of credibility which is not restricted to veracity but relates also to such possible factors as powers and opportunity for observation, recollection and accuracy of observation, etc."). It committed no error by accepting Althenn's interrogatory answers in evidence and finding that the truck was an altered vehicle.

B.    Attorney Fees

[¶14]  In an action to enforce land use regulations, "[i]f the municipality is the prevailing party, the municipality must be awarded reasonable attorney fees, expert witness fees[,] and costs, unless the court finds that special circumstances make the award of these fees and costs unjust." 30-A M.R.S. § 4452(3)(D) (2012). We review an award of attorney fees pursuant to this statute for abuse of discretion. *City of Ellsworth v. Doody*, 629 A.2d 1221, 1224 (Me. 1993).

[¶15]  For instance, we have upheld an award of only half of a town's attorney fees in a zoning enforcement action. *Town of Falmouth v. Long*, 578 A.2d 1168, 1172 (Me. 1990). In that case, even though the municipality had prevailed, we reasoned that the trial court had appropriately considered the relevant facts and

circumstances, including the economic impact a full award of attorney fees would have had on the defendant's dental practice, in exercising its discretion. *Id.* Similarly, when a trial court declined to make an award of attorney fees to a municipality that had prevailed on only one of its five claims, we affirmed, finding no abuse of discretion. *City of Ellsworth*, 629 A.2d at 1224.

[¶16] The Town argues that, because the trial court declined to address most of the issues Althenn raised in his post-judgment motion, Althenn must be ordered to pay additional attorney fees absent an explicit finding of special circumstances that would make such an award unjust. The trial court considered that Althenn correctly pointed out an inconsistency in the court's judgment, as well as that the Town had already been awarded substantial attorney fees. The trial court did not abuse its discretion in declining to award additional attorney fees.

The entry is:

Judgment affirmed.

**On the briefs and at oral argument :**

Aaron B. Rowden, Esq., Weeks & Hutchins, LLC, Waterville, for appellant Albert W. Althenn

Alton C. Stevens, Esq., Marden, Dubord, Bernier & Stevens, P.A., LLC, Waterville, for appellee Town of China

Augusta District Court docket number CV-2012-31