MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2015 ME 43
Docket:        Cum-14-271
Submitted
  On Briefs:  February 26, 2015
Decided:      April 28, 2015

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

JENNIFER ROUSSEL

v.

SHELDON ASHBY

HJELM, J.

[¶1]   Jennifer Roussel appeals and Sheldon Ashby cross-appeals from a judgment entered in the Superior Court (Cumberland County, *Wheeler, J.*) in favor of Roussel after entry of default against Ashby.   Roussel's claims arose from Ashby's failure to return a security deposit that she paid in anticipation of renting an apartment from Ashby.   Roussel contends that the court erred in failing to award punitive damages and in limiting the award of attorney fees.   Ashby contends that the court erred in denying his motion to set aside the entry of default.   We affirm the judgment.

## I.  BACKGROUND

[¶2]   The evidence in the record, viewed in the light most favorable to the judgment, supports the following facts.   *See Estate of Hunt*, 2010 ME 23, ¶ 2,

990 A.2d 544.  On June 18, 2008, Roussel met with Ashby to discuss renting an apartment located in Portland.  Because Ashby wanted to review Roussel's Portland Housing Authority (PHA) file and check her references, they did not sign a lease, but Roussel gave Ashby $2,000 toward the security deposit of $2,100.

[¶3]  After reviewing Roussel's PHA file, Ashby agreed to rent her the apartment, but Roussel never moved in.  Roussel had obtained a Section 8 voucher, but by the time she met with Ashby on June 18, it was due to expire approximately two weeks later.  Roussel believed that, in order to use the voucher, she had to find an apartment and have it inspected by the PHA before the voucher expired.  Approximately a week after the meeting, Ashby informed Roussel that he could not guarantee that the apartment would be ready in time for an inspection that had been scheduled for June 30.  Roussel then found a different apartment that would be ready for an inspection before the voucher's expiration date, and she sought the return of her security deposit from Ashby.

[¶4]  After Ashby did not respond to her demand for the refund, Roussel filed a small claims action in District Court (Portland), and in response Ashby filed a small claims action for lost rent and the expenses he incurred in renting the apartment to another tenant.  Roussel then filed a complaint in Superior Court, alleging (1) breach of the warranty of habitability; (2) breach of the warranty of quiet enjoyment; (3) conversion of personal property; (4) wrongful retention of the

security deposit pursuant to 14 M.R.S. § 6033 (2014); and (5) unfair and deceptive trade practices pursuant to 14 M.R.S. § 6030 (2014). In September 2009 the District Court (*Powers, J.*) dismissed both Roussel's and Ashby's small claims actions without prejudice so that the matters could be adjudicated in Superior Court.

[¶5] Roussel first tried to serve Ashby with the Superior Court complaint on September 16, 2009, using the address listed on his small claims filings, but the sheriff who attempted service was told that Ashby no longer worked at that address. Next, Roussel attempted to serve Ashby through the attorney who represented him in the small claims action, but the attorney declined to accept service. Roussel's next attempt to find Ashby and serve him with the complaint was not until August 2011. At that point, Roussel's attorney found the business address that Ashby had listed with the Maine Real Estate Commission as a requirement of his associate real estate broker's license. A sheriff's deputy attempted to serve Ashby at that address three times in September 2011. The deputy left messages for Ashby when he went to the office and also called Ashby repeatedly, but Ashby never responded.

[¶6] In January 2012, Roussel filed a motion for alternative service, and the court (*Wheeler, J.*) authorized Roussel to serve Ashby by mail. She sent the complaint by certified mail to the address listed with the Maine Real Estate

Commission, but Ashby did not sign the return receipt. The court (*Cole, J.*) then granted Roussel's motion for service by publication, and service was completed on July 19, 2012, pursuant to M.R. Civ. P. 4(g). Ashby did not file an answer. On Roussel's motion, the court entered a default against Ashby on January 23, 2013, and scheduled a hearing on damages. Copies of those orders sent to Ashby were returned by the post office. Ashby did not appear at the damages hearing, which was held on April 3, 2013. At the court's request, Roussel prepared a proposed judgment, which she sent to a post office box address that was listed on the Maine Real Estate Commission website as Ashby's former mailing address.

[¶7] Ashby then entered an appearance and filed a motion to set aside the default, which the court (*Wheeler, J.*) denied after a hearing. The court entered judgment for Roussel in the amount of $24,628.34, which reflected the amount of compensatory damages and attorney fees, but not the $75,000 in punitive damages, that Roussel had sought at the damages hearing. Roussel filed a motion for findings of fact and conclusions of law pursuant to M.R. Civ. P. 52 and to amend the judgment pursuant to M.R. Civ. P. 59, arguing that the court did not take into account the additional attorney fees ($11,600) incurred in response to Ashby's motion to set aside the default and that the court erred in declining to award punitive damages. The court denied the motion, ruling that Roussel was not entitled to punitive damages because she "did not establish that the defendant

act[ed] maliciously" and that the attorney fees included in the judgment were "more than adequate." Roussel timely appealed, and Ashby cross-appealed the denial of his motion to set aside the default.

## II. DISCUSSION

A. Punitive Damages

[¶8] Roussel first argues that the court erred by not awarding punitive damages. "Punitive damages are available if the plaintiff can establish by clear and convincing evidence that the defendant's conduct was motivated by actual ill will or was so outrageous that malice is implied." *Laux v. Harrington*, 2012 ME 18, ¶ 35, 38 A.3d 318 (quotation marks omitted). Our review of the trial court's decision not to award punitive damages "is limited to deciding whether the findings of fact are clearly erroneous." *Id.* (quotation marks omitted). In order to successfully challenge the trial court's decision not to award punitive damages, Roussel must establish that "the evidence of malice presented by [Roussel] is of such a nature that the factfinder was compelled to believe it." *Kleinschmidt v. Morrow*, 642 A.2d 161, 165 (Me. 1994) (quotation marks omitted). Roussel has not met that standard.

[¶9] Roussel contends that the laws prohibiting non-refundable security deposits and governing retention of security deposits are so clear that Ashby's "flagrant" violation of those laws justified a finding of implied malice. Even if we

6

assume that Ashby's violation of the applicable statutes was evident, however, his conduct was not necessarily so outrageous as to *compel* the court to award punitive damages. *See id.* at 165. Thus, the trial court did not err in declining to award punitive damages to Roussel.[1]

B.     Attorney Fees

[¶10]    Roussel also argues that the court erred in awarding only those attorney fees that she had initially requested in her motion for default judgment and not the additional fees she incurred to oppose Ashby's motion to set aside the default. The trial court's award of attorney fees is reviewed for abuse of discretion, *Kezer v. Cent. Me. Med. Ctr.*, 2012 ME 54, ¶ 28, 40 A.3d 955, and "the court's factual findings are final unless demonstrated to be clearly erroneous," *Poussard v. Commercial Credit Plan, Inc. of Lewiston*, 479 A.2d 881, 884 (Me. 1984). We have emphasized that "[t]he trial court is in the best position to observe the unique nature and tenor of the litigation as it relates to a request for attorney fees," *Lee v. Scotia Prince Cruises Ltd.*, 2003 ME 78, ¶ 20, 828 A.2d 210, and we therefore "afford the trial court wide discretion," *QAD Investors, Inc. v. Kelly*, 2001 ME 116, ¶ 26, 776 A.2d 1244.

---

[1]   Roussel argues that the court in fact "awarded $75,000 in punitive damages at the damages hearing," but the record does not support that assertion. At the hearing on damages, the court asked Roussel to prepare a proposed default judgment that included the $75,000 in punitive damages she was requesting. The court, however, did not sign the proposed judgment. In the judgment that the court ultimately issued, it did not award punitive damages.

[¶11] Here, the court awarded Roussel $4,824 in attorney fees, which is the amount she requested prior to Ashby's appearance in the case.[2] When Roussel requested an additional amount, the court concluded that the original amount was "more than adequate" to cover the additional legal work. That finding was not clear error, especially given that Ashby was absent for more than two years after Roussel filed her complaint and there was little activity in the case during that time. Moreover, it is not an abuse of discretion for a trial court to take into account whether a party "had already been awarded substantial attorney fees" in refusing to award additional fees. *See Town of China v. Althenn*, 2013 ME 107, ¶ 16, 82 A.3d 835. Therefore, "[g]iven the broad discretion allowed trial courts in the award of attorney fees," *Saucier v. Allstate Ins. Co.*, 1999 ME 197, ¶ 35, 742 A.2d 482, the court did not abuse its discretion in denying Roussel's motion to amend the judgment by awarding additional attorney fees.

C.     Motion to Set Aside the Default

[¶12] In his cross-appeal, Ashby contends that the court erred in denying his motion to set aside the default. The denial of a motion to set aside the entry of default is reviewed for abuse of discretion, and we "will vacate that decision only

---

[2]  Because Roussel was only entitled to attorney fees on her statutory claims, she requested that the court calculate the award by dividing the total amount of attorney fees incurred ($8,040) by the number of claims, allocating the resulting amount ($1,608) to each of the three claims for which she was entitled to an award of fees.

if the denial works a plain and unmistakable injustice against the defendant." *Ireland v. Carpenter*, 2005 ME 98, ¶ 14, 879 A.2d 35 (quotation marks omitted). "We give considerable deference to the presiding justice's decision on [a motion to set aside default] because of his familiarity with the case and his superior position to evaluate the credibility and good faith of the parties who appeared before him." *Levine v. KeyBank Nat'l Ass'n*, 2004 ME 131, ¶ 13, 861 A.2d 678 (quotation marks omitted).

[¶13]   An entry of default may be set aside "[f]or good cause shown." M.R. Civ. P. 55(c).   "In order to establish good cause, a party must show both (1) a good excuse for his or her untimeliness, and (2) a meritorious defense." *R.C. Moore, Inc. v. Les-Care Kitchens, Inc.*, 2007 ME 138, ¶ 28, 931 A.2d 1081 (quotation marks omitted).

[¶14]   As to the first of these requirements, Ashby contends that his appearance was not timely because he did not know about the suit and that Roussel did not demonstrate the requisite due diligence in attempting to locate and serve him before filing a motion for service by publication.   *See* M.R. Civ. P. 4(g)(1). The trial court found, however, that Ashby "intentionally avoided service of process, and [that] his behavior throughout this case has been scurrilous."   That finding was supported by evidence in the record.

[¶15]  Ashby defended against Roussel's small claims action and filed his own small claims action related to the same incident.  The District Court dismissed Roussel's claim against Ashby because "plaintiff has [a] similar case pending in Superior Court," and Ashby also agreed to dismiss his claim for that reason.  Thus, Ashby had actual notice at the outset that Roussel had filed a complaint against him in Superior Court.  Additionally, several attempts were made to serve Ashby in person and contact him by telephone through his purported employer, and the process server left messages with other employees there.  Assuming that Ashby had accurately reported his business contact information to the Maine Real Estate Commission as required as a condition of his license, those repeated attempts to contact him at that address would also have put him on notice that Roussel was trying to serve him.

[¶16]  The court therefore did not commit clear error by finding that Ashby was avoiding service when he did not respond to these repeated contacts and that he did not have a good excuse for his untimely appearance in this case.  Based on its finding that Ashby did not satisfy the first prong of the "good cause" analysis, the court did not abuse its discretion in denying his motion to set aside the default.

The entry is:

Judgment affirmed.

**On the briefs:**

Robert C. Andrews, Esq., Portland, for appellant Jennifer Roussel

Roy T. Pierce, Esq., Jensen Baird Gardner & Henry, Portland, for appellee Sheldon Ashby