STATE OF MAINE                                   SUPERIOR COURT
AROOSTOOK, ss                                    DOCKET NO. CV-16-H 024


KATAHDIN TRUST COMPANY            )
                      Plaintiff    )
                                  )
v.                                )
                                  )
                                  )
BERTRAM MAGNUS                    )          DECISION ON MOTION
                                  )
and                               )
                                  )
DANIELLE L'HEUREUX                )
                      Defendants   )


Pending before the court is Defendant Bertram Magnus' Motion To Set Aside Default and

Default Judgment brought pursuant to M.R.Civ. P. 55(c). For the reasons set forth herein, the

court denies this motion.

## BACKGROUND

The court conducted a hearing of this matter on January 31, 2017. The Plaintiff appeared

through counsel, Richard L. Currier Esq. The Defendant Bertram Magnus appeared representing

himself. The Defendant Danielle L'Heureux did not appear. Although both parties presented

argument, neither presented any evidence. The court has taken judicial notice of the contents of

the file. The file reflects that on or about February 22, 2014 the Defendants entered into a retail

installment sales contract pursuant to which they purchased a used 2011 Chevrolet Aveo motor

vehicle from Griffeth Ford Lincoln, a motor vehicle dealership located in Caribou, Maine. The

Plaintiff loaned the purchase price to the Defendants, each of whom contracted to repay the

amount of the loan in its entirety. There is no dispute that the Plaintiff is the holder in due course

1

of the Consumer Credit Contract upon which this action is based. There is also no dispute that the Defendants failed to make the required payments and were in default of their agreement at the time the Plaintiff commenced this action. There is no dispute that the Plaintiff provided to the Defendants a Notice of Default and a Notice of Right to Cure. Finally, there is no dispute that the Defendants did not cure their default. The Plaintiff then repossessed the vehicle and sold it at a public sale for $100. The resulting deficiency on the contract was $7012.57.

On September 14, 2016, the Plaintiff served the Defendant Bertram Magnus with a copy of the complaint and summons underlying this action. On September 22, 2016, the Plaintiff served the Defendant Danielle L'Heureux with a copy of the complaint and summons. The complaint demanded judgment against the Defendants, jointly and severally in the amount of the deficiency plus interest and costs.

The summons clearly directed each defendant to file their answer with the Superior Court located at 144 Sweden Street in Caribou, Maine within 20 days of service upon them. The summons also clearly warned that a failure to file the required answer could result in the entry of a default judgment against them.

Neither defendant filed an answer with the Superior Court. As appears from the "affidavit"[1] of Richard L. Rhoda, Esq., the Defendant Magnus went to his law office after being served with the summons and complaint. Although Attorney Rhoda has not appeared as counsel for the Defendant, his office secretary apparently assisted the Defendant with the preparation of an answer and provided a transmittal letter and envelope addressed to the Houlton District Court

---

[1] Although the affidavit fails to comply with the requirements of M.R.Civ.P. 4A(i) because it contains only an *acknowledgment* and not a *jurat* (See Pineland Lumber Co. v. Robinson, 382 A.2d 33 (Me. 1978) and Brendla v. Richard Acheson 554 A.2d 798 (Me. 1989) in which the Law Court recognized the difference between a "jurat" and a "certificate of acknowledgement." The Law Court indicated that a "certificate of acknowledgment", such as accompanies the *affidavits* in this case, was not an acceptable substitute for a requirement of a sworn statement, even though as in *Pineland*, the statement purported to be under oath.) the Plaintiff has agreed to waive this technical defect.

2

and not the Aroostook County Superior Court as required by the summons. Additionally, it appears that a copy of that responsive pleading was mistakenly addressed to Attorney Richard L. Rhoda rather than Plaintiff's attorney Richard L. Currier. Consequently, neither the Superior Court nor Attorney Currier received the Defendant's response. On October 27, 2016, the Plaintiff requested that the Defendants be defaulted and that a default judgment be entered against each. The clerk entered the defaults and the default judgments against the defendants. The amount of the default judgment was $7012.57 plus interest and costs.[2]

## DISCUSSION

The pending motion is governed by the provisions of M.R.Civ.P. 55 (c) and applicable case law. The rule provides that "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered may likewise set it aside in accordance with Rule 60(b)." The Law Court has indicated that

> "To establish good cause, a party must show a good excuse for his or her untimeliness and a meritorious defense. The good excuse and the meritorious defense requirements are "two distinct components", both of which must be satisfied in order to prevail on a Rule 55(c) motion. Levine v. KeyBank Nat'l Ass'n, 2004 ME 131, ¶20, 861 A.2d 678,684 (internal citations omitted).

As indicated above, neither party submitted any evidence and the court has before it, only the submissions found within the file. As the moving party, the Defendant has the burden of proof and must show both a good excuse for not properly filing his answer and in addition, must demonstrate a meritorious defense. For argument's sake and without making any specific finding that Defendant Magnus' inadvertent filing of his response in the wrong court constitutes a "good excuse", the court will nonetheless consider this honest mistake to be a "good excuse" in the

---

[2] The Plaintiff has submitted a Bill of Costs totaling $250.80. Neither Defendant has objected to these costs.

3

absence of any objection from the Plaintiff. This still leaves the question of whether the Defendant has demonstrated a meritorious defense.

The Defendant has indicated that he became involved in the underlying transaction as an act of charity towards the Defendant L'Heureux and that it was she who actually enjoyed the use of the vehicle until it was repossessed. While the court may be sympathetic to Defendant Magnus' circumstances, the fact remains that the dealer sold the car and the Plaintiff financed the sale upon the strength of two promises of repayment, one by Defendant L'Heureux and the other by the Defendant Magnus. No one has made the payments to which the Plaintiff was clearly entitled. Notwithstanding the Defendant's charitable inclinations towards Ms. L'Heureux, the court's ruling cannot be governed by sympathy.

The Defendant also points to the fact that the purchase price of the car in February of 2014 was $11,969.90 and it was sold on June 3, 2016 for $100. The Defendant argues that such a large disparity in values indicates that the vehicle was not sold in a "commercially reasonable manner" as required. The Defendant also argues that "If this Court does not vacate the default it will "work(s) a plain and unmistakable injustice against the Defendant. Cutillo v. Gerstel, 477 A.2d 750, 752 (Me 1984).""[3]

A court does have the authority to grant relief, including relief from a default judgment (See Roussel v. Ashby, 2015 ME 43, ¶12, 114 A.3d 670,674) in circumstances where a denial of relief would work *a plain and unmistakable injustice*. A plain and unmistakable injustice is one that is instantly visible without argument. Sullivan v. Rockwood, 2015 ME 119, ¶14, 124 A.3d 150, 154. The record does not support such a finding in this case.

---

[1] The court has read Cutillo v. Gerstel, 477 A.2d 750 (Me 1984) and can find no reference to the question of "plain and unmistakable injustice". The case would appear to support the propositions that to show good cause, the moving party has the burden of proving both a good excuse for the default and the existence of a meritorious defense to the action and that a party can be charged with the omissions of his attorney of record.

4

The Law Court has indicated that:

If the trial court is to determine the meritorious nature of the defaulted party's alleged defense, it must be presented facts from which it may conclude that such a meritorious defense exists. The mere assertion that such a meritorious defense does exist is insufficient to support a motion to set aside a default entry or default judgment. Whether the default entry resulted from factual circumstances justifying relief is a question of fact and must be proven by evidence, which as appears from this record was not forthcoming. Sheepscot Land Corp. v. Gregory, 383 A.2d 16, 20 (Me. 1978)

The Defendant Magnus has presented no evidence in support of his contention that the Plaintiff's sale was not done in a commercially reasonable manner. He has asserted this proposition but the record is devoid of evidence. There is nothing in the record to demonstrate the circumstances of the sale. The difference between the original sales price and the amount of the proceeds from the liquidation sale does not make any injustice associated with the circumstances of that sale *instantly visible to this court without argument.*

Moreover, although the Defendant's affidavit (technical deficiencies aside) of November 1, 2016 states that when the vehicle was sold in 2016, "it was in good condition, both as to physical condition and operating condition and was certainly worth more than $100, there is nothing in the affidavit to show that he was a competent witness with personal knowledge of those representations. Before this court will accept factual representations set forth in an affidavit, the affidavit needs to be made upon personal knowledge. It should also set forth such facts as would be admissible in court and it should show affirmatively that the affiant is competent to testify to the matters stated therein. (See, e.g. M.R.Civ. P. 56 (e))

The Defendant, who resides in Houlton, has indicated to the court that the motor vehicle that is the underlying subject of the complaint, was in the possession of the Defendant

5

L'Heureux. It appears that she resides in Auburn.[4] The Defendant asserts that he knew the condition of the vehicle at the time of sale but his affidavit does not reflect that he had personal knowledge of this or if so, how he came by that knowledge. How the Defendant could know the physical condition of the vehicle or its operating condition without conducting some kind of inspection himself or having a competent third party do so remains a mystery to this court. The record is devoid of competent evidence pertaining to the condition of the vehicle at the time it was sold.

The affidavit also fails to indicate anything about the circumstances of the sale, e.g. if it was advertised, how it was advertised, how many times it was advertised, where it was conducted, the time that it was conducted, how many bids were received, etc. Based upon the record evidence, or lack thereof, there is no injustice that is instantly visible to this court without argument. Accordingly, this court is not prepared to find as a fact that the circumstances surrounding the Plaintiff's sale of the motor vehicle were not commercially reasonable.

## CONCLUSION

The Defendant had the burden of proof for his motion and he has failed to meet that burden.[5] The entry shall be:

The Defendant's Motion to Set Aside Default Judgment for Good Cause M.R.Civ.P. 55 (c) is denied.

January 31, 2017

E. Allen Hunter
Active Retired Justice of the Superior Court

---

[4] The summons reflects that an Androscoggin County deputy served the Defendant L'Heureux at 56 Sixth St, 2-1, in Auburn, Maine.

[5] The court recognizes that the Defendant has been representing himself in these proceedings and the court is aware that he is not a licensed attorney and may be unfamiliar with the requirements for legal proceedings. In court however, there is but one set of rules that applies irrespective of whether a party is represented by counsel or whether that person is representing himself. All parties are bound by the same controlling principles of law and the court may not engage in any bending of the rules or granting of special consideration because a litigant appears without legal representation. Truman v. Browne, 2001 ME ¶ 11, 788 A.2d.

6